EL PUEBLO, DEMANDANTE Y APELADO, *v.* ALSINA ET AL.,
ACUSADOS Y APELANTES.

Apelación procedente de la Corte de Distrito de Ponce en
causa por conspiración.

No. 694.—Resuelto en mayo 17, 1915.

CONSPIRACIÓN — DESTRUCCIÓN FRAUDULENTA DE BIENES ASEGURADOS — INCENDIO MALICIOSO—ACUSACIÓN SUFICIENTE.—Una acusación que imputa a los acusados el hecho de haber conspirado para defraudar en sus bienes a determinadas compañías de seguro, personas jurídicas, por medio de la sustracción y del incendio de los bienes asegurados, no es genérica, sino específica, y contiene todos los elementos que integran el delito de conspiración previsto en el artículo 62 del Código Penal vigente.

ACUSACIÓN—TÉRMINO PARA PRESENTARLA—JURISDICCIÓN—PRESUNCIÓN.—Cuando de los autos no consta la fecha en que fueron detenidos los acusados, a los efectos de determinar si la corte carecía de jurisdicción para ver y fallar el caso, por haber transcurrido el término legal dentro del cual había de presentarse la acusación, debe presumirse que ésta fué formulada dentro del término de ley.

CONSPIRACIÓN — INCENDIO MALICIOSO — ACUSACIÓN.—Examinada la acusación en este caso, se decidió que si bien se consignan en ella hechos que tienden por sí solos a establecer un delito de incendio, del contenido total del documento se deduce que el único delito imputado por el Fiscal a los acusados fué el de conspiración.

FELONY—MISDEMEANOR—CONFUSIÓN DE UN DELITO MENOR EN OTRO MAYOR (MERGER).—Un delito menos grave (*misdemeanor*) que es parte de un delito grave (*felony*), puede ser castigado como delito menos grave (*misdemeanor*), aunque el delito grave (*felony*), se lleve a efecto.   El tribunal al resolver este caso, ratifica la doctrina sentada en el de *El Pueblo* v. *Díaz et al.,* resuelto en marzo 27, 1915, (p. 191).

JUICIO—CELEBRACIÓN DEL JUICIO DENTRO DE LOS 120 DÍAS—DISCRECIÓN JUDICIAL—ABUSO DE DISCRECIÓN.—Al comenzar la vista de esta causa, uno de los acusados solicitó el sobreseimiento perentorio de la acusación, basándose en que habían transcurrido más de los 120 días a que se refiere el artículo 448, No. 2, del Código de Enjuiciamiento Criminal.   La corte negó el sobreseimiento por entender que hubo justa causa para la dilación, a saber: la

de haberse suspendido la primera vista señalada dentro del indicado término, a petición del Fiscal, basada en haber recibido un telegrama el mismo día fijado para la vista, requiriendo sus servicios en la investigación de un incendio ocurrido en uno de los pueblos de su distrito. *Se resolvió:* Que la corte no abusó de su poder discrecional al calificar de justa la indicada causa y en su consecuencia al negarse a sobreseer la acusación.

CONSPIRACIÓN—COMPAÑÍAS DE SEGUROS—REGISTRO EN LA SECRETARÍA DE PUERTO RICO—PRUEBAS.—En la persecución de un delito público, el elemento principal que debe comprobarse es la intención del acusado, y si los acusados en este caso conspiraron para defraudar a compañías de seguros y que por sus propios actos reconocieron la existencia de dichas compañías, no pueden luego escudarse en el hecho de que no se presentara en el acto de la vista prueba concreta de que estaban aquéllas registradas en la Secretaría de Puerto Rico cuando otorgaron las pólizas, para eludir su responsabilidad criminal.

ID.—TESTIGOS—ELIMINACIÓN DE SU DECLARACIÓN.—No procede la eliminación de la declaración de un testigo del Fiscal en un proceso por conspiración para cometer el delito de destrucción fraudulenta de bienes asegurados, por referirse a actos realizados después del incendio y no a actos perpetrados para llevar a efecto la supuesta conspiración, cuando el testigo es presentado para probar que uno de los acusados se ausentó de la ciudad en el momento del incendio, como un indicio de su culpabilidad.

APELACIÓN—EXCEPCIÓN—FUNDAMENTOS EN LA CORTE INFERIOR.—Los fundamentos que pueden considerarse en la corte de apelación, son los que a su debido tiempo se adujeron en la corte sentenciadora. (*Falero v. Falero et al.*, 15 D. P. R., 118; *El Pueblo v. Asencio*, 16 D. P. R., 359.)

TESTIGOS—TESTIGOS DEL PUEBLO—ACUSADOS COMO TESTIGOS.—Es antes de comenzar los acusados su defensa y no después cuando procede decretar por la corte a petición del Fiscal la exclusión del juicio de cualquiera de los acusados con objeto de que sirva como prueba del poder público, pero el mero hecho de que se haya permitido declarar a un testigo de la defensa, a su ruego, mientras se practicaba la prueba del Fiscal, no implica que se comenzara formalmente la práctica de la prueba de la defensa.

CONSPIRACIÓN—EXAMEN DE LAS PRUEBAS.—Examinada cuidadosamente toda la prueba practicada en este caso, *se resolvió:* Que era suficiente para sostener la sentencia apelada.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Rafael Martínez Nadal y Alfonso Lastra Charriez.*

Abogado de El Pueblo: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto por Benigno Colón Pacheco y Carlos Ferrer Rodríguez contra la sentencia de la Corte de Distrito de Ponce que los condenó, respectivamente, como autores de un delito de cons-

piración, a pagar quinientos dollars de multa y en su defecto a sufrir seis meses de prisión, y a pagar doscientos dollars de multa y en su defecto a sufrir tres meses de prisión.

La acusación, base del proceso, copiada a la letra, en lo pertinente, dice así:

"El Fiscal formula acusación contra Francisco Alsina, Benigno Colón Pacheco y Carlos Ferrer Rodríguez, por un delito de conspiración (*misdemeanor*) cometido como sigue: Los citados acusados Francisco Alsina, Benigno Colón Pacheco y Carlos Ferrer Rodríguez en la ciudad de Ponce, P. R., dentro de este distrito judicial, hacia el mes de julio de 1913, o alrededor de esa fecha, de una manera ilegal, maliciosa y voluntaria, conspiraron para cometer el delito de destrucción fraudulenta de bienes asegurados, (*felony*) consistente en destruir por medio del incendio las existencias aseguradas de una casa de comercio propiedad de los acusados Alsina y Colón Pacheco, titulada 'F. Alsina y Co., S. en C.,' y cuyas existencias estaban aseguradas contra incendio en las compañías 'London and Lancashire Fire Insurance Co.' y la 'Guardian Assurance Co., Limited,' ambas con residencia principal en Londres, Inglaterra, y oficinas en San Juan de Puerto Rico legalmente autorizadas para practicar negocios en esta Isla de Puerto Rico, por las cantidades de cinco mil dólares, y diez mil dólares, respectivamente, o sea un total en ambas compañías de quince mil dólares, moneda americana; pólizas extendidas en seis de junio de 1913, a un año plazo, esto es, a vencer en seis de junio de 1914, siendo la intención de dichos acusados, al conspirar para cometer el delito ya indicado, el estafar y defraudar a las dichas compañías como personas civiles en sus bienes o sea por un total de cinco mil dólares a la 'London and Lancashire Fire Insurance Co.' y diez mil dólares a la 'Guardian Assurance Co., Limited,' a cuyo efecto introdujeron latas de gasolina y petróleo en dicha casa de comercio y dieron fuego a dichas existencias y asimismo con la deliberada, maliciosa, ilegal y voluntaria intención de estafar y defraudar a las ya dichas compañías o personas civiles, extrajeron de antemano mercaderías de las así aseguradas y las transportaron a la casa de comercio del otro acusado Carlos Ferrer Rodríguez en Juana Díaz."

Aparece de la transcripción elevada a esta Corte Suprema, que la acusación fué excepcionada, 1º., por ser demasiado genérica; 2º., por no constituir delito público los hechos

en la misma consignados; 3°., por carecer la corte de juris-
dicción para ver y fallar el caso por haber transcurrido el
término legal dentro del cual había de presentarse la acu-
sación; 4°., por imputar al acusado más de un delito; 5°.,
por ser ambigua, y 6°., porque desprendiéndose de ella que
los acusados consumaron el acto delictivo más grave. (*felony*),
debe considerarse confundido (*merger*) en él el delito menos
grave, o sea el de conspiración.

No consta en los autos transcritos la resolución de la
corte, pero habiendo seguido el juicio adelante, debemos pre-
sumir que fué adversa a las pretensiones de los acusados.

1 y 2. La primera y la segunda de las excepciones, care-
cen evidentemente de fundamento. Bajo el título de "cons-
piración," el Código Penal vigente en Puerto Rico, en su
artículo 62, prescribe que si dos o más personas conspira-
ren, entre otros casos, para estafar y defraudar a alguna
persona en su bienes por medios en sí criminales, serán pena-
das con cárcel por un término máximo de un año, o multa
máxima de mil dollars, o ambas penas, y basta leer la acu-
sación para concluir que imputa a los acusados, no en forma
genérica sino específica, un hecho claramente comprendido
dentro del precepto penal citado, o sea el de haber conspi-
rado para defraudar en sus bienes a ciertas compañías de
seguro, personas jurídicas, por medio de la sustracción y del
incendio de los bienes asegurados.

3. Para resolver la tercera de las excepciones previas,
no tenemos los datos suficientes. No consta la fecha en
que fueron detenidos los acusados y debemos presumir, en
ausencia de prueba en contrario, que la acusación fué for-
mulada dentro del término de ley.

4 y 5. En cuanto a la cuarta excepción previa y a la quinta,
diremos que si bien se consignan en la acusación hechos que
tienden por sí solos a establecer un delito de incendio, del
contenido total del documento se deduce que el único delito
imputado por el Fiscal a los acusados fué el de conspiración.

6. Levanta la sexta y última de las excepciones una cues-

tión de derecho que ha sido objeto del más amplio y detenido estudio en Inglaterra y en los Estados Unidos y sobre la cual están en conflicto las decisiones de los tribunales.

Las autoridades con respecto a si el acto de conspirar para cometer un delito grave (*felony*), se confunde (*merges*) con el delito mayor, cuando el propósito de la conspiración se realiza, están en conflicto. De acuerdo con un número de decisiones, cuando el delito grave, la comisión del cual es el propósito de la conspiración, se perpetra, siendo la conspiración un *misdemeanor,* se confunde (*merges*) con el delito grave (*felony*). Existen, sin embargo, muchas decisiones que llegan· a una conclusión contraria, y sostienen que un delito menos grave (*misdemeanor*) que es parte de un delito grave (*felony*), puede ser castigado como delito menos grave (*misdemeanor*) aunque el delito grave (*felony*), se lleve a efecto. Véase 8 Cyc., 644.

Uno de los casos más interesantes que hemos consultado entre los que sostienen la última teoría, es el de *State* v. *Setter,* de Connecticut, reportado en 14 A. S. R., 121.

En dicho caso la única cuestión argüida ante la corte fué la de si el crimen de conspiración para hurtar, tal como se estableció en la acusación, se confundió con el de hurto realmente perpetrado tal como resultó de la prueba practicada en el juicio. La corte resolvió que no obstante el resultado de la prueba, el delito de conspiración pudo perseguirse y castigarse como en efecto se persiguió y castigó. En el curso de su opinión la corte se expresó así:

"El Sr. Bishop en su obra sobre Ley Criminal (Ed. 7ª., sec. 814), después de discutir la regla de que una conspiración está incluída (*merged*) en un *felony*, delito grave, hace las siguientes observaciones: 'La doctrina que conoce el lector es contraria a todo principio equitativo; ha sido rechazada en Inglaterra y aun cuando haya Estados en los cuales sea obligatoria para los tribunales, no deberá ser considerada como la ley general americana.' El Profesor Wheaton (Ley Criminal, 8ª. Ed., sec. 1344), dice: 'La regla técnica de que un *misdemeanor* queda siempre incluído (*merged*) en un *felony* cuando ambos se encuentran, ha sido reconocida en este país en algu-

nos casos, si bien es cierto que no existe razón buena que la justifi-
que * * *' y varias de nuestras cortes han estado inclinadas
a rechazarla en todos los casos: Véanse los casos que más adelante
se citan.

"En Inglaterra el principio relativo a que la conspiración para
cometer *felony* queda confundida en el mismo *felony* ha sido recha-
zado expresamente. Lord Denman al emitir la opinión del tribunal
en el caso de *Regina* v. *Button,* hizo las siguientes observaciones:
'Un *misdemeanor* incluído en un *felony* puede ser castigado como
*misdemeanor* aun cuando el *felony* se haya cometido. El caso fué
uno en el cual los acusados habían sido denunciados por conspira-
ción para cometer robo y la prueba tendía a probar que el robo real-
mente se había cometido.' El caso de *Regina* v. *Neale,* 1 Den. C. C.,
36, se expresa en igual sentido." 14 Am. St. Rep., 122–125.

La opinión de este Tribunal Supremo sobre la materia,
quedó claramente establecida en el caso de *El Pueblo* v. *Díaz
et al.,* decidido el 27 de marzo de 1915, en el sentido de que
puede castigarse la conspiración, no obstante haberse realiz-
ado el acto delictivo para la perpetración del cual fué tra-
mada. Ratificamos la opinión emitida en dicho caso y en su
virtud declaramos que la corte de distrito tampoco erró al
desestimar la sexta y última de las excepciones previas.

Resueltas dichas excepciones en el sentido indicado, pro-
cederemos al estudio y resolución de las tomadas durante
la vista de la causa y hechas constar en el pliego que forma
parte de la transcripción, limitando nuestros razonamientos
escritos a las que han sido sostenidas por los abogados de los
acusados ante este Tribunal Supremo.

A. Al comenzar el juicio, el acusado Colón, por medio
de su abogado, solicitó el sobreseimiento perentorio de la
causa por haber transcurrido con exceso los ciento veinte
días a que se refiere el artículo 448, número 2, del Código
de Enjuiciamiento Criminal, y la corte declaró sin lugar la
moción por entender que si bien habían transcurrido dichos
ciento veinte días existió una causa justa por virtud de la
cual se dilató la celebración de la vista.

De la transcripción aparece que presentada la acusación,

se señaló el juicio dentro del término de ciento veinte días pero, en el momento de comenzar a celebrarse, el Fiscal encargado especialmente de la dirección del asunto recibió un telegrama informándole que había ocurrido un incendio en uno de los pueblos de su distrito. El Fiscal lo manifestó así a la corte y pidió la suspensión de la vista. Uno de los acusados se allanó y los otros dos se opusieron, resolviendo la corte de conformidad con lo solicitado por el Fiscal. Tal fué la causa que motivó la dilación del juicio.

Opinamos que la corte no abusó de su discreción al apreciar dicha causa como justa, pues entre los dos deberes del Fiscal, pudo creer que requería una atención más inmediata la investigación del incendio ocurrido. Por regla general resulta muy difícil encontrar la prueba en los delitos de incendio y la experiencia demuestra que en muchas ocasiones ha podido obtenerse dicha prueba por medio de una activa, inteligente e inmediata investigación del caso.

B. Al presentar su prueba, el Fiscal introdujo dos certificaciones expedidas por el Secretario de Puerto Rico creditivas de haberse registrado en su oficina las compañías de seguros contra incendios, The London and Lancashire Insurance Co. y The Guardian Assurance Co., Limited, como compañías organizadas y operando en Puerto Rico, sin expresar la fecha del registro. Se opusieron los abogados de los acusados Colón y Ferrer alegando que dichas certificaciones no establecían que para la fecha en que ocurrió el delito estuvieran dichas compañías autorizadas para hacer negocios en la isla. La corte admitió la prueba como creditiva *prima facie* de la existencia de las compañías.

Según la opinión que hemos formado de este caso, la alegación hecha en la acusación de que las compañías estaban registradas en la Secretaría de Puerto Rico, era superflua, pero aunque no lo fuera, atendidas todas las circunstancias concurrentes, no cabe sostener, a nuestro juicio, que la corte de distrito cometió ningún error fundamental al admitir las certificaciones. Se trata de la persecución de un delito pú-

blico y en tal caso el elemento principal que debe compro-
barse es el de la intención del acusado. Si los acusados cons-
piraron para defraudar a las compañías de seguro y por sus
propios actos reconocieron su existencia, no pueden luego
escudarse en el hecho de que no se presentara en el acto
del juicio prueba concreta de que dichas compañías estaban
registradas en la Secretaría de Puerto Rico cuando otor-
garon las pólizas, para eludir su responsabilidad criminal.
Esta Corte Suprema en el caso de *Lamas y Méndez* v. *Betan-
court,* 16 D. P. R., 280, dijo que "un demandado que niega
en su contestación la existencia de la sociedad demandante,
pero que durante la práctica de las pruebas reconoce que
ha contratado con dicha sociedad, figurando su cuenta en
los libros de la misma, no puede continuar negando su exis-
tencia y alegar que ésta no se ha probado, por no haberse
presentado la escritura pública por la que se constituyera."

Véase lo que dice el testigo Rodolfo del Valle, con respecto
a la intervención del acusado Colón, apoderado de Alsina
y Compañía, en relación con una de las pólizas de seguro.
Dijo el testigo así:

"Que cuando el fuego, estaba la póliza vigente; que recibió un
telegrama de San Juan en el que se le ordenaba cancelar la póliza
y hallándose en el campo todavía cuando lo recibió, llamó por telé-
fono a Tristani y le indicó que le hiciera el favor de encargarse de
examinar las existencias que tenía F. Alsina y Co. y en virtud del
informe que le dió el Sr. Tristani, contestó a San Juan diciendo al
agente general que creía algo exagerado el informe que dicho agente
había recibido, pero que creía que debía cancelarse en seguida por
telégrafo la póliza para bien de la compañía; que en virtud de su
informe recibió de San Juan una carta orden de cancelación, la que
llegó el mismo día, después de haber ocurrido el incendio; que
con motivo de la carta tuvo una entrevista con el acusado Benigno
Colón y le dijo que de acuerdo con lo que le había mandado a decir
de que había cancelado la póliza, ésta estaba cancelada, que aunque
había ocurrido el incendio, le admitiera la cancelación, y entonces
el Sr. Colón le contestó que no la admitía porque consideraba en
vigor la póliza; que esa entrevista fué el mismo día del fuego, a las
9 de la mañana; que él le dijo también que viera la fecha que tenía

la carta de cancelación y Colón le contestó que consideraba la póliza en vigor y que había llegado tarde la cancelación; que él le entregó la carta de cancelación con el dinero que le sobraba a Colón y éste no quiso aceptarlo."

Las consideraciones que haremos al discutir el error marcado en el alegato de los apelantes con la letra C, pueden aplicarse también, a nuestro juicio, para apoyar la conclusión de que la corte de distrito, atendidas todas las circunstancias concurrentes, no cometió el error señalado con la letra B.

C. Sostienen los apelantes que la corte erró al admitir como prueba las dos pólizas de seguro a que se refiere la acusación, fundándose en que las pólizas no fueron debidamente autenticadas por no haberse probado la capacidad de las compañías aseguradoras.

Las pólizas fueron introducidas del siguiente modo: el Fiscal presentó como prueba el expediente de *habeas corpus* No. 1330 seguido por Francisco Alsina en la Corte de Distrito de Ponce, a cuyo expediente fueron agregadas a instancias del abogado del peticionario, que era uno de los acusados en esta causa. Si se tiene en cuenta tal hecho y además que Félix Tristani, representante en Ponce de la casa comercial de San Juan, Villar y Cía., agente de The Guardian Assurance Company, reconoció, en el acto de la vista, una de las pólizas como creditiva del contrato celebrado entre la compañía de seguros y la mercantil Alsina y Cía., y Rodolfo del Valle, representante en Ponce de The London and Lancashire Insurance Co., también reconoció en el acto del juicio la otra póliza como creditiva del contrato celebrado entre la compañía que representaba y la comercial Alsina y Cía., es necesario concluir que las pólizas quedaron suficientemente autenticadas y que la corte no cometió error alguno al admitirlas como pruebas en esta causa.

D. Sostienen también los apelantes que la corte erró al desestimar la solicitud hecha por el acusado Colón a los efectos de que se eliminara lo declarado por el testigo Aurelio

Fernández por referirse a actos realizados después del incendio y no a actos perpetrados para llevar a efecto la supuesta conspiración. El testigo Fernández fué presentado por el Fiscal para probar que el acusado Colón, el mismo que pidió la eliminación de lo declarado por Fernández, se ausentó de Ponce en el momento del incendio, por estimar el Fiscal que ese hecho constituía un indicio con respecto a la culpabilidad del Colón. La corte ordenó "que quedara la declaración en el récord para darle el valor que pueda tener en conjunto con los demás indicios en este caso."

Siendo esos los hechos, no podemos ver que la corte cometiera error alguno al resolver que la declaración de Fernández no fuera eliminada. La jurisprudencia que citan en su alegato los apelantes no es aplicable. Toda ella se refiere a actos y declaraciones de un conspirador admitidos como prueba en contra de un co-conspirador y aquí el acto de Colón se presentó como un indicio demostrativo de la culpabilidad de su autor y no de la de otra persona.

E. Sostienen de igual modo los apelantes que la corte erró al admitir como prueba un extracto de la cuenta corriente de Noriega, Alvarez y Cía. con F. Alsina y Cía. Al consignarse el fundamento de la excepción, se dice en el alegato, que fué el de que el carácter de dicha prueba era secundario y no se demostró que no pudiera presentarse la mejor prueba, esto es, los libros originales de la casa mercantil. Sin embargo, del pliego de excepciones preparado por los apelantes y aprobado por la corte sentenciadora, resulta que el acusado Colón se opuso "porque el mismo testigo (el socio de Noriega a quien se estaba interrogando sobre la cuenta en el momento de presentarla), declara que "él no es tenedor de libros y no puede asegurar que eso sea absolutamente cierto" y el acusado Ferrer se opuso además "porque aun aceptándola (la cuenta) resulta que el Fiscal tendría que probar que los libros llevados por la casa de Noriega están bien llevados y que los de la casa de Alsina no lo están."

La idea del Fiscal al presentar dicha cuenta era la de de-

mostrar que entre los libros. de F. Alsina y Cía. y los de
Noriega, Alvarez y Cía. existían diferencias y que tales dife-
rencias se debían al propósito de F. Alsina y Cía. de hacer
aparecer en sus libros hechos ficticios necesarios dentro del
plan adoptado para la mejor realización del fraude que se
intentaba realizar a las compañías de seguro.

Los fundamentos que pueden considerarse en la corte de
apelación, son los que a su debido tiempo se aducen en la
corte sentenciadora, *Falero et al. v. Falero*, 15 D. P. R., 118;
*El Pueblo* v. *Asencio*, 16 D. P. R., 359, de ahí que no poda-
mos decidir la excepción de que se trata sobre la base de que
se alegó el carácter secundario de la evidencia ofrecida. Y
en cuanto a los motivos realmente alegados, diremos que
no tienen mérito alguno. No importa que Noriega no fuera
tenedor de libros. Era socio de la mercantil Noriega, Alva-
rez y Cía. y estaba claramente en condiciones de declarar
sobre los negocios entre su casa y la de Alsina. Es costum-
bre que las cuentas corrientes se pasen con la siguiente ad-
vertencia: S. E. u O, que quiere decir: salvo error u omi-
sión, y ese era el sentido que tenían, sin duda, las palabras
del testigo al decir que no podía asegurar que fuera abso-
lutamente cierto el contenido de la cuenta. Tampoco era nece-
sario probar previamente a la admisión de la cuenta que los
libros de Noriega se llevaban bien y los de Alsina mal. La
prueba era en sí misma uno de los indicios aportados para
que el juzgador llegara a esa conclusión y penetrara en el
motivo que la casa de F. Alsina y Cía. tuvo para no llevar
sus libros bien, esto es, para separarse en las cuentas en ellos
contenidas de la verdad de los hechos.

F. Alegan los apelantes que la corte erró al admitir como
testigo del Pueblo de Puerto Rico al coacusado Francisco
Alsina, después de haber declarado Matías Vidal como tes-
tigo de defensa y de deberse admitido como prueba de los
acusados una circular de la casa F. Alsina y Cía., sin que
la defensa hubiere hecho estipulación alguna con el Fiscal,

ni éste hubiera objetado la presentación de la dicha prueba
de descargo.

Los hechos ocurrieron del siguiente modo: Se estaba prac-
ticando la prueba del Fiscal y declaraba el testigo Matías
Vidal, perito mercantil. Cuando terminó, la defensa solicitó
de la corte que en atención a las ocupaciones perentorias
del testigo le permitiera declarar. en aquel momento como
testigo de defensa, el Fiscal no se opuso, y la corte accedió.
Entonces el testigo dijo que no había conocido al acusado
Colón como socio de F. Alsina y Cía. sino como apoderado,
y a ese efecto reconoció una circular de F. Alsina y Cía. en
donde constaba que Colón era realmente apoderado y no
socio. Terminada esa interrupción, siguió la prueba del Fis-
cal hasta su término.

El artículo 239 del Código de Enjuiciamiento Criminal,
que es la ley aplicable a la cuestión envuelta, dice así:

"Cuándo dos o más personas hayan sido incluídas en una misma
acusación, el tribunal podrá en cualquier tiempo antes de que los
acusados hayan empezado su defensa, decretar a petición del Fiscal,
la exclusión del juicio, de cualquiera de los acusados, con objeto de
que sirva como testigo del poder público."

Los términos de dicha prescripción legal son claros. Es
antes de comenzar los acusados su defensa que procede la
exclusión; no después. Pero a nuestro juicio no puede sos-
tenerse en este caso que por el hecho indicado comenzara
formalmente la práctica de la prueba de la defensa. La
declaración del testigo de la acusación Matías Vidal como
testigo de la defensa, fué simplemente un paréntesis abierto
en la prueba del Fiscal a instancias de los acusados, para
resolver una cuestión de conveniencia personal de un testigo,
y no constituyó por tanto el comienzo formal de la presenta-
ción de su caso por parte de la defensa. Si se aceptara la
teoría de los apelantes, entonces habría que concluir también
que la práctica de la prueba de la defensa habría comenzado
dentro del significado del artículo 239 del Código de Enjuicia-
miento Criminal, cuando antes de celebrarse el juicio teniendo

que ausentarse necesariamente uno de sus testigos, por ejemplo, la defensa solicita y obtiene que se le tome declaración de acuerdo con la ley, y lo ilógico de tal conclusión resalta a primera vista.

G. Los apelantes sostienen por último, en su alegato, que la corte erró al apreciar las pruebas por ser insuficientes para basar en ellas una sentencia de culpabilidad.

Narrar, aun extractándolas en la forma más reducida posible, las declaraciones de los diez y ocho testigos de la acusación y de los trece de las defensas, sería prolongar innecesariamente esta opinión.

Creemos suficiente decir que hemos examinado cuidadosamente toda la prueba practicada y a nuestro juicio la culpabilidad del acusado Colón resulta tan clara que no cabe siquiera discutirla, y si bien la prueba con respecto al acusado Ferrer no es tan fuerte, no puede argüirse con éxito que deje de ser bastante para sostener la sentencia dictada contra él.

De toda la evidencia aparece que Francisco Alsina, gestor de la mercantil F. Alsina y Cía., de Ponce, y Benigno Colón, apoderado de la misma sociedad, tramaron una conspiración para defraudar a dos compañías dedicadas al negocio de seguros contra incendios y a tal efecto comenzaron por asegurar en dichas compañías las existencias de la casa mercantil. Hecho esto, tiende a demostrar la prueba que los acusados Colón y Alsina prepararon los libros de la Sociedad de tal modo que examinándolos se pudiera concluir que el valor de las existencias en almacén guardaba proporción con el de las aseguradas, hecho contrario a la realidad, pues las existencias se iban extrayendo del almacén y enviándose a las tiendas de Luis Ojeda y del acusado Ferrer, donde continuaban siendo de la propiedad de F. Alsina y Cía., pero aparentemente pertenecían a Ojeda y a Ferrer.

El acusado Ferrer estaba enterado de la conspiración y se unió a ella aceptando las mercaderías de F. Alsina y Cía. en la forma que se ha indicado y comprando cierto nú-

mero de latas de gasolina que fueron llevadas al almacén de F. Alsina y Cía., abiertas convenientemente y colocadas en sitios apropiados de manera que una vez comenzado el incendio se propagara rápidamente y destruyera en realidad las escasas existencias que habían quedado y en apariencia las mercancías aseguradas. El incendio comenzó pero fué descubierto por el vecindario tan a tiempo que pudo sofocarse antes de que borrara por completo las pruebas del delito. La declaración del Fiscal Acosta Quintero da detalles tan amplios y precisos con respecto a cómo se encontraba el almacén después del incendio, que ella basta por sí sola para concluir que se trataba de un acto intencional cuidadosamente preparado.

Los abogados de los apelantes impugnan la declaración del cómplice Alsina y sostienen que no merece crédito. La hemos examinado y la encontramos lógica y completa. Además, el juez sentenciador que oyó declarar al acusado y que tuvo ocasión, por tanto, de observarlo directamente, le dió crédito y crédito también debemos darle nosotros en ausencia de una demostración cumplida de haberse cometido error por parte de la corte sentenciadora.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.